**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-1231**
_____

DAVID NJOROGE GITATA; MARY WANJA GITATA; KEVIN MUCHUGIA
NJOROGE,

        Petitioners,

        v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals.

_____

Submitted: October 2, 2012      Decided: October 31, 2012

_____

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

Jeremy L. McKinney, MCKINNEY PERRY & COALTER, Greensboro, North
Carolina, for Petitioners.  Gregory G. Katsas, Acting Assistant
Attorney General, Richard M. Evans, Assistant Director, Virginia
Lum, Office of Immigration Litigation, UNITED STATES DEPARTMENT
OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Njoroge Gitata, Mary Wanja Gitata and Kevin Muchugia Njoroge, natives and citizens of Kenya, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeals from the immigration judge's order denying their applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT").[1] [2] We deny the petition for review.

To establish eligibility for withholding of removal, an alien must show a clear probability that if he was removed to his native country, his "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2006); see Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). A "clear probability" means that it is more likely than not that the alien would be subject to persecution. INS v. Stevic, 467 U.S. 407, 429-30 (1984).

---

[1] The Petitioners do not challenge the denial of asylum or the denial of relief under the CAT. This court will not review those findings. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (finding that failure to raise a challenge in an opening brief results in abandonment of that challenge); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).

[2] Kevin Muchugia Njoroge is a derivative applicant to David Gitata's application for relief.

In order to qualify for relief, an applicant must show that his persecutor was motivated in part by the applicant's race, religion, nationality, membership in a particular social group, or political opinion. See Menghesha v. Gonzales, 450 F.3d 142, 148 (4th Cir. 2006).[3] However, the protected ground cannot be incidental, tangential, superficial or subordinate to any other reason for the harm. In re J-B-N- & S-M-, 24 I. & N. Dec. 208, 214 (BIA 2007).

Withholding of removal is mandatory if the alien meets the standard of proof. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 352-53 (4th Cir. 2006). A determination regarding eligibility for withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Further, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4) (2006).

---

[3] Because Gitata's application was filed prior to the enactment of the Real ID Act, the amendment to the INA requiring that a protected ground be one central reason for the persecution is not applicable in his instance. See Abdel-Rahman v. Gonzales, 493 F.3d 444, 453 n.12 (4th Cir. 2007). On the other hand, Mary Gitata, whose application was filed after the Act's effective date, must meet the "one central reason" standard in 8 U.S.C. § 1158(b)(1)(B)(i) (2006). Id.; see also Matter of C-T-L-, 25 I. & N. Dec. 341, 344-46 (BIA 2010) (extending statutory "one central reason" standard to withholding of removal).

We conclude that substantial evidence supports the finding that neither David nor Mary Gitata showed that they were persecuted or that there was a clear probability of persecution on account of a protected ground. This conclusion includes consideration of the arguments that the Petitioners had a political opinion or one imputed to them or that they were members of a particular social group.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>